Filed 7/22/22  P. v. Conner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C094715 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR002621) |
| v. | |
| DONALD NICOLAUS CONNER, | |
| Defendant and Appellant. | |

Defendant Donald Nicolaus Conner pleaded guilty to four sex crimes involving two minors.  Defendant contends, and the People concede, that recently enacted legislative changes are ameliorative and apply to him retroactively.  Furthermore, defendant claims the trial court erroneously imposed consecutive sentences for defendant's sex crimes in violation of the statutory scheme, and alternatively, defendant received ineffective assistance of counsel.  Reaching only the first contention, we vacate the sentence and remand.

1

## FACTUAL BACKGROUND

As the basis for defendant's plea, the parties stipulated to the facts from the police report. In summary, over the course of several months in 2020, and while intermittently cohabitating with the victims' parents, the 20-year-old defendant engaged in multiple nonconsensual sexual acts with two girls, aged 14 and 16 years old. Defendant's sexual misconduct ranged from digital penetration to sexual intercourse. On several occasions, the victims were asleep when defendant initiated sexual contact.

On November 3, 2020, law enforcement interviewed defendant and, after initially denying the conduct, he admitted to having sex with one of the victims but not the other. That same day, law enforcement arrested defendant.

## PROCEDURAL BACKGROUND

The People charged defendant with 14 counts as follows: four counts of sexual penetration of an unconscious or sleeping person (Pen. Code, § 289, subd. (d)(1)),[1] five counts of sexual penetration by use of force of a minor victim 14 years of age or older (§ 289, subd. (a)(1)(C)); forcible rape of a child over 14 years old (§ 261, subd. (a)(2)); rape of an unconscious or sleeping person (§ 261 subd. (a)(4)(A)); and three counts of forcible oral copulation. (§ 287, subd. (c)(2)(A).) A single count of sexual penetration of an unconscious or sleeping person (§ 289, subd. (d)(1)), and a single count of sexual penetration by use of force of a minor victim 14 years of age or older (§ 289, subd. (a)(1)(C)), applied to one victim and the remainder of the charges applied to the other victim.

On July 9, 2021, in a negotiated plea, defendant pleaded guilty to one count of sexual penetration of an unconscious or sleeping person (§ 289, subd. (d)(1)) involving the first victim (count I); two counts of sexual penetration of an unconscious or sleeping

---

[1] Undesignated statutory references are to the Penal Code.

person (§ 289, subd. (d)(1)) (counts VII & IX), and one count of sexual penetration by use of force of a minor 14 years of age or older (§ 289, subd. (a)(1)(C)) (count X) involving the second victim. Defendant's plea was in exchange for a maximum aggregate sentence of 29 years, a three-year stipulated sentence for count VII, and dismissal of the remaining counts. The trial court sentenced defendant to the upper term of 10 years for count X, two consecutive eight-year upper terms for counts I and IX, and the stipulated consecutive three-year lower term for count VII.

In its colloquy during sentencing, the trial court stated: "Having read and considered the probation report, this was a heinous crime. There were two minor victims. I find under California Rule[s] of Court[, rule] 4.421(a)(3) and (a)(11) that those do come into play here because both of these victims were vulnerable, they were attacked in their own residences, and the defendant took advantage of a position of trust because he was a family friend."

DISCUSSION

Defendant contends he is entitled to resentencing in light of recent amendments to sections 1170 and 1170.1, which took effect two weeks after defendant filed his opening brief.[2] Defendant also argues the trial court erred in imposing full, consecutive upper terms pursuant to section 667.6 because he was not convicted of multiple enumerated offenses involving the same victim on the same occasion, and alternatively, that he received ineffective assistance of counsel based on counsel's failure to object to the

---

[2] Defendant asserts he is entitled to the ameliorative benefits both of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5.3) (Assembly Bill 124). Senate Bill 567 was enacted after Assembly Bill 124 and incorporated Assembly Bill 124's amendments to section 1170. (Stats. 2021, ch. 731, § 3, subd. (c).) Senate Bill 567 takes precedence because it was enacted last. (Gov. Code, § 9605.) Thus, Senate Bill 567 is the operative legislation, not Assembly Bill 124, and we will address defendant's claims as raised under that legislative enactment.

3

imposition of consecutive sentences during sentencing. The People concede the applicability of the recent legislative enactments. We accept the concession and, in light of its effect, we vacate the sentence and remand without reaching defendant's claim regarding the imposition of consecutive sentences.

Effective January 1, 2022, Senate Bill 567 amended section 1170, former subdivision (b), to create a presumption in favor of the low prison term where a defendant's "youth" was a contributing factor in the offense. (§ 1170, subd. (b)(6); Stats. 2021, ch. 731, § 1.3.) As relevant here, the court is required to impose the lower term if defendant was under 26 years old at the time of the offense unless the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (§§ 1170, subd. (b)(6)(B), 1016.7, subd. (b).)

Here, defendant was 20 years old at the time of his offenses and the parties agree the lower-term sentencing presumption now codified in section 1170, subdivision (b)(6)(B) would apply to him. Therefore, because the People correctly concede Senate Bill 567 is ameliorative to defendant, this matter should be remanded for a full resentencing given the changed circumstances. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

Because resentencing is appropriate, we need not address defendant's remaining arguments on appeal. We vacate defendant's sentence as to counts I, IX, and X.

DISPOSITION

The convictions are affirmed. The sentence as to counts I, IX, and X is vacated, and the matter is remanded for a full resentencing consistent with the changes from

4

Senate Bill 567 and any other ameliorative changes to the sentencing laws that apply to defendant.

                                                          KRAUSE          , J.


We concur:


          MAURO          , Acting P. J.


          EARL          , J.